UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| COLONIAL PIPELINE COMPANY )<br>)<br>    *Plaintiff* )<br>)<br>                                              )<br>v. )<br>)<br>METROPOLITAN NASHVILLE )<br>AIRPORT AUTHORITY; and )<br>AECOM TECHNICAL SERVICES, INC. )<br>)<br>    *Defendants* ) | Case No. 3:20-cv-00666<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br>JURY DEMAND |

**COLONIAL PIPELINE COMPANY'S ANSWER TO COUNTERCLAIM**

Colonial Pipeline Company ("Colonial"), for its Answer to the Counterclaim filed by Metropolitan Nashville Airport Authority ("MNAA"), states as follows:

1. Colonial admits the allegations in Paragraph 1.

2. Colonial admits the allegations in Paragraph 2 regarding MNAA's principal place of business. The remaining allegations in Paragraph 2 state a legal conclusion to which no response is required. In any event, to the extent consistent with applicable law, Colonial admits the allegations in Paragraph 2 describing MNAA's legal status. To the extent inconsistent with applicable law, Colonial denies the allegations in Paragraph 2 describing MNAA's legal status.

3. Colonial admits the allegations in Paragraph 3.

4. Colonial admits the allegations in Paragraph 4 based in part on MNAA's allegations in Paragraph 22, but denies MNAA is entitled to any damages.

5. Colonial admits the allegations in Paragraph 5.

6. To the extent consistent with the Easement Agreement, Colonial admits the allegations in the first sentence of Paragraph 6 describing the Easement Agreement. To the extent

inconsistent with the Easement Agreement, Colonial denies the allegations in the first sentence of Paragraph 6 describing the Easement Agreement. With respect to the allegations in the second sentence of Paragraph 6, Colonial admits sections of its Line 19 and Line 20 traverse MNAA property, but denies all portions of its Line 19 and Line 20 that traverse MNAA property are subject to the Easement Agreement or the obligations MNAA seeks to enforce.

7. To the extent consistent with the Easement Agreement, Colonial admits the allegations in Paragraph 7 describing the Easement Agreement. To the extent inconsistent with the Easement Agreement, Colonial denies the allegations in Paragraph 7 describing the Easement Agreement. Colonial denies MNAA is entitled to enforce the Easement Agreement, including as it seeks to do so in the Counterclaim.

8. To the extent consistent with the Easement Agreement, Colonial admits the allegations in Paragraph 8 describing the Easement Agreement. To the extent inconsistent with the Easement Agreement, Colonial denies the allegations in Paragraph 8 describing the Easement Agreement. Colonial denies MNAA is entitled to enforce the Easement Agreement, including as it seeks to do so in the Counterclaim.

9. To the extent consistent with the Easement Agreement, Colonial admits the allegations in Paragraph 9 describing the Easement Agreement. To the extent inconsistent with the Easement Agreement, Colonial denies the allegations in Paragraph 9 describing the Easement Agreement. Colonial denies MNAA is entitled to enforce the Easement Agreement, including as it seeks to do so in the Counterclaim.

10. Paragraph 10 states a legal conclusion to which no response is required. In any event, to the extent consistent with the One Call Statute, Colonial admits the allegations in

Paragraph 10 describing the One Call Statute. To the extent inconsistent with the One Call Statute, Colonial denies the allegations in Paragraph 10 describing the One Call Statute.

11. Paragraph 11 states a legal conclusion to which no response is required. In any event, to the extent consistent with the One Call Statute, Colonial admits the allegations in Paragraph 11 describing the One Call Statute. To the extent inconsistent with the One Call Statute, Colonial denies the allegations in Paragraph 11 describing the One Call Statute.

12. Paragraph 12 states a legal conclusion to which no response is required. In any event, to the extent consistent with the One Call Statute, Colonial admits the allegations in Paragraph 12 describing the One Call Statute. To the extent inconsistent with the One Call Statute, Colonial denies the allegations in Paragraph 12 describing the One Call Statute.

13. To the extent consistent with the One Call Tickets attached to the Counterclaim as Exhibit 1, Colonial admits the allegations in Paragraph 13 describing the One Call Tickets. To the extent inconsistent with the One Call Tickets attached to the Counterclaim as Exhibit 1, Colonial denies the allegations in Paragraph 13 describing the One Call Tickets. Colonial admits Exhibit 1 appears to be true and correct copies of One Call Tickets of TDOT.

14. To the extent consistent with the One Call Tickets attached to the Counterclaim as Exhibit 1, Colonial admits the allegations in Paragraph 14 describing the One Call Tickets. To the extent inconsistent with the One Call Tickets attached to the Counterclaim as Exhibit 1, Colonial denies the allegations in Paragraph 14 describing the One Call Tickets. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 14 regarding TDOT's scope of work.

15. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 15 regarding TDOT's receipt of a response.

Regarding the remaining allegation in Paragraph 15, Colonial admits generating a January 30, 2019 response to One Call Ticket Number 190303602. To the extent consistent with the January 30, 2019 response attached to the Counterclaim as Exhibit 2, Colonial admits the allegations in Paragraph 15 describing the response. To the extent inconsistent with the January 30, 2019 response attached to the Counterclaim as Exhibit 2, Colonial denies the allegations in Paragraph 15 describing the response. Colonial admits Exhibit 2 appears to be a true and correct copy of the January 30, 2019 response to One Call Ticket 190303602.

16. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 16 regarding TDOT's receipt of a response. Regarding the remaining allegation in Paragraph 16, Colonial admits generating an April 1, 2019 response to One Call Ticket Number 190874353. To the extent consistent with the April 1, 2019 response attached to the Counterclaim as Exhibit 3, Colonial admits the allegations in Paragraph 16 describing the response. To the extent inconsistent with the April 1, 2019 response attached to the Counterclaim as Exhibit 3, Colonial denies the allegations in Paragraph 16 describing the response. Colonial admits Exhibit 3 appears to be a true and correct copy of the April 1, 2019 response to One Call Ticket 190874353.

17. Colonial denies the allegations in the first sentence of Paragraph 17. Colonial admits the allegations in the second sentence of Paragraph 17. With respect to the allegations in the third sentence of Paragraph 17, because they were not able to access the area inside the fence, Messrs. White and Strickland marked Line 19 up to the fence, but not inside it. To the extent the third sentence of Paragraph 17 is inconsistent with the foregoing statement, it is denied.

18. Colonial admits the lines were marked once and not marked again, but denies there was any need or duty to mark more than once. Colonial denies the remaining allegations in Paragraph 18.

19. Based in part on the vagueness and ambiguity of the allegations, Colonial denies the allegations in Paragraph 19.

20. Colonial denies it was obligated to warn MNAA and denies the remaining allegations in Paragraph 20.

21. Colonial admits the soil borings on April 9, 2019 were conducted while One Call Ticket Number 190874353, dated March 28, 2019, was still in effect. Colonial lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of Paragraph 21 and all allegations in the second sentence of Paragraph 21. Colonial admits TDOT's drill rig struck Line 19, releasing gasoline, but denies the remaining allegations in the third sentence of Paragraph 21.

22. Colonial denies the allegations in Paragraph 22.

23. Colonial repeats and incorporates its foregoing responses.

24. The first sentence of Paragraph 24 states a legal conclusion to which no response is required. In any event, Colonial denies it violated any duty. To the extent consistent with the Easement Agreement, Colonial admits the allegations in the second sentence of Paragraph 24. To the extent inconsistent with the Easement Agreement, Colonial denies the allegations in the second sentence of Paragraph 24.

25. Colonial denies the allegations in the first and second sentences of Paragraph 25. The third sentence of Paragraph 25 states a legal conclusion to which no response is required. In any event, Colonial denies the allegations in the third sentence.

26. Colonial denies the allegations in Paragraph 26.

27. Colonial denies the allegations in Paragraph 27.

28. Colonial denies the allegations in Paragraph 28.

29. Colonial repeats and incorporates its foregoing responses.

30. Paragraph 30 states a legal conclusion to which no response is required. In any event, Colonial denies it violated any duty.

31. Paragraph 31 states a legal conclusion to which no response is required. In any event, to the extent consistent with the One Call Statute, Colonial admits the allegations in Paragraph 31 describing the One Call Statute. To the extent inconsistent with the One Call Statute, Colonial denies the allegations in Paragraph 31 describing the One Call Statute.

32. Colonial denies the allegations in Paragraph 32.

33. Colonial denies the allegations in Paragraph 33.

34. Colonial denies the allegations in Paragraph 34.

35. Colonial denies the allegations in Paragraph 35.

36. Colonial repeats and incorporates its foregoing responses.

37. Colonial admits the allegations in the first sentence of Paragraph 37, except it denies MNAA is entitled to enforce the Easement Agreement.

38. To the extent consistent with the Easement Agreement, Colonial admits the allegations in Paragraph 38 describing the Easement Agreement. To the extent inconsistent with the Easement Agreement, Colonial denies the allegations in Paragraph 38 describing the Easement Agreement.

39. Colonial denies the allegations in Paragraph 39.

40. Colonial denies the allegations in Paragraph 40.

41. Colonial denies the allegations in Paragraph 41.

42. Colonial denies the allegations in Paragraph 42.

43. Colonial repeats and incorporates its foregoing responses.

44. Colonial admits the allegations in the first sentence of Paragraph 44, except it denies MNAA is entitled to enforce the Easement Agreement. To the extent consistent with the Easement Agreement, Colonial admits the allegations in the second sentence of Paragraph 44 describing the Easement Agreement. To the extent inconsistent with the Easement Agreement, Colonial denies the allegations in the second sentence of Paragraph 44 describing the Easement Agreement.

45. Colonial denies the allegations in Paragraph 45.

46. Colonial denies the allegations in Paragraph 46.

47. Colonial denies the allegations in Paragraph 47.

48. Colonial repeats and incorporates its foregoing responses.

49. Colonial admits the allegations in Paragraph 49.

50. Colonial denies the allegations in Paragraph 50.

Colonial denies all allegations not specifically admitted above. Colonial further denies all implied and argumentative allegations by MNAA, including those that presume the truth of other allegations, whether stated or unstated. Colonial further denies MNAA is entitled to any of the relief it seeks in its Prayer for Relief in the Counterclaim.

## ADDITIONAL DEFENSES

Without assuming the burden of proof or persuasion, Colonial states as follows:

1. MNAA has failed to state a claim upon which relief can be granted.

2. MNAA materially breached the Easement Agreement with Colonial, thereby excusing Colonial's performance and barring MNAA from the relief it is seeking, including any recovery of damages under its breach of contract claim.

3. MNAA's claims are barred to the extent any conditions precedent and conditions subsequent to Colonial's obligations under the Easement Agreement and applicable law have not been satisfied.

4. MNAA's claims are barred to the extent supervening or intervening events since the Easement Agreement was signed have made Colonial's performance impracticable or impossible.

5. MNAA's claims are barred to the extent supervening or intervening events since the Easement Agreement was signed have frustrated the purpose of the Easement Agreement and therefore excused Colonial's performance.

6. If MNAA has incurred or incurs any damages, MNAA is barred from recovery to the extent it has failed or fails to mitigate them.

7. If MNAA has incurred or incurs any damages, MNAA is not entitled to recovery from Colonial to the extent the damages were caused by others for which Colonial is not responsible, including MNAA, AECOM Technical Services, Inc., or the Tennessee Department of Transportation.

8. To the extent MNAA has, by virtue of its own acts, omissions and conduct, or otherwise, waived claims against Colonial, this action is barred.

9. To the extent MNAA is, by virtue of its own acts, omissions and conduct, or otherwise, estopped from asserting claims against Colonial, this action is barred.

10. MNAA's claims are barred to the extent Colonial is entitled to setoff and/or recoupment, including amounts sought by Colonial in *Metropolitan Nashville Airport Authority v. Colonial Pipeline Company*, Case No. 3:20-cv-00809 (the "Relocation Case").

11. Any equitable relief sought by MNAA is barred by its unclean hands.

12. MNAA's equitable claims are barred because equity will not exceed the rights of parties existing at law, and equity will not consciously become an instrument of injustice.

13. To the extent MNAA lacks standing or otherwise is not entitled to benefits or relief under the Tennessee Underground Utility Damage Prevention Act, Tenn. Code. Ann. § 65-31-101 *et seq.*, its claims in connection with that statute are barred.

14. Due at least in part to segments of Colonial's pipelines having been relocated since the granting of the easement in 1976, portions of Colonial's pipelines that cross MNAA's property outside of the area covered by the easement are not subject to the Easement Agreement or any of the obligations MNAA seeks to enforce.

Colonial reserves the right to amend this Answer.

**PRAYER FOR RELIEF**

WHEREFORE, Colonial asks the Court to:

1. Enter judgment dismissing MNAA's Counterclaim, with prejudice, or otherwise denying MNAA the relief sought;

2. Award Colonial costs incurred in this action to the extent permitted by applicable law or rule; and

3. Grant Colonial additional relief to which it is entitled.

Respectfully submitted,

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Plaintiff and Counter-Defendant Colonial Pipeline Company*

## CERTIFICATE OF SERVICE

I certify that I filed this document electronically using the Court's electronic case management system, which will send notice to:

Paul S. Davidson
Edward Callaway
Michael C. Brett
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Defendant and Counter-Claimant Metropolitan Nashville Airport Authority*

Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for Defendant AECOM Technical Services, Inc.*

                                                s/ *Brian M. Dobbs*
                                                Brian M. Dobbs