| | | |
|---|---|---|
| COLONIAL PIPELINE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:20-cv-00666 |
| | ) | |
| METROPOLITAN NASHVILLE AIRPORT | ) | |
| AUTHORITY, and | ) | |
| | ) | |
| AECOM TECHNICAL SERVICES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

---

**ANSWER OF DEFENDANT AECOM TECHNICAL SERVICES, INC., TO AMENDED COMPLAINT**

---

Comes Defendant AECOM Technical Services, Inc. ("AECOM"), and for its answer to the Amended Complaint (Doc. 26), filed October 26, 2020, responds as follows.

1.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 1 and hence denies the same.

2.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 2 and hence denies the same.

3.     The allegations of paragraph 3 are admitted.

4.     The allegations of paragraph 4 regarding the Court's personal jurisdiction are admitted.

1

5. The allegations of paragraph 5 regarding the Court's subject matter jurisdiction are admitted.

6. The allegations of paragraph 6 regarding venue are admitted. AECOM denies liability under OPA or otherwise.

## **GENERAL ALLEGATIONS**

7. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 7 and hence denies the same.

8. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 8 and hence denies the same.

9. AECOM admits that this is an accurate quote from page 3 of the Easement Agreement between Colonial Pipeline Company, Inc. ("Colonial"), and the Metropolitan Nashville Airport Authority ("MNAA"), which speaks for itself and must be read as a whole.

10. AECOM admits that this is an accurate quote from page 8 of the Easement Agreement between Colonial and MNAA, which speaks for itself and must be read as a whole.

11. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 11 and hence denies the same.

12. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 12 and hence denies the same.

2

13.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 13 and hence denies the same.

14.     AECOM lacks information sufficient to form a belief as to the truth of the allegations of paragraph 14 and hence denies the same.

15.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 15 and hence denies the same.

16.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph16 and hence denies the same.

17.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 17 and hence denies the same.

18.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 18 and hence denies the same.

19.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 19 and hence denies the same.

20.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 20 and hence denies the same.

21.     Upon information and belief, AECOM admits the allegations of paragraph 21 of the Complaint.

4842-5529-1601v1
2946131-000024 11/09/2020

22. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 22 and hence denies the same.

23. AECOM admits that contacts with Colonial were initiated and renewed by the Tennessee Department of Transportation (TDOT), which deal directly with Colonial on locating any pipelines in the area of TDOT's planned work on MNAA property. AECOM lacks sufficient information to form a belief as to the remaining allegations of paragraph 23 and hence denies the same.

24. AECOM lacks sufficient information as to communications between TDOT and Colonial to form a belief as to the truth of the allegations of paragraph 23 and hence denies the same.

25. Paragraph 25 alleges communications between Colonial and TDOT, to which AECOM was not a party. Thus, AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 25 and hence denies the same.

26. Paragraph 26 alleges communications between Colonial and TDOT, to which AECOM was not a party. Thus, AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 25 and hence denies the same.

27. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 27 regarding calls from TDOT or MNAA and hence denies the same. AECOM admits that it performed services for MNAA pursuant to a written Professional Services Agreement but denies that it was responsible for the location, planning, or manner of work by TDOT.

4

28.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 28 and hence denies the same.

29.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 29 and hence denies the same.

30.     AECOM admits that there are signs outside the airport fence referencing Colonial's pipeline. AECOM denies that there are any such signs in the vicinity of the work conducted by TDOT on April 9, 2019.

31.     AECOM admits that Colonial was informed of TDOT's pipeline strike on April 9, 2019.  AECOM lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 31 and hence denies the same.  With respect to the allegations of footnote 2 to paragraph 31, AECOM is not a party to any tolling agreement.

32.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 32 and hence denies the same.

33.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 33 and hence denies the same.

34.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 34 and hence denies the same.

35.     The allegations of paragraph 35 are admitted.

5

36.     AECOM admits that TDOT received permission from MNAA to conduct soil borings.  AECOM denies that it or MNAA "was involved in the soil borings" conducted by TDOT.

37.     The allegations of paragraph 37 regarding a request by TDOT is admitted.  TDOT was advised that MNAA would provide a representative to assist in locating airport-owned underground utilities but not for those owned by others, for which TDOT would need to make arrangements with those owners.  Any allegations to the contrary are denied.

38.     The allegations of paragraph 38 are denied.

39.     AECOM admits that it was given incorrect information on the location of underground utilities as shown on the airport's GIS system. The remaining allegations of paragraph 39 are denied.

40.     The allegations of paragraph 40 are denied.

41.     The allegations of paragraph 41 are denied.

42.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 42 and hence denies the same.

43.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 43 and hence denies the same.

44.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 44 and hence denies the same.

4842-5529-1601v1
2946131-000024 11/09/2020

45.     AECOM admits that response measures were taken to mitigate the release of gasoline on and after April 9, 2019, by all parties and various agencies.  AECOM lacks sufficient information to form a belief as the truth of the details alleged in paragraph 45 and hence denies the same.

46.     AECOM lacks sufficient information to form a belief as to the truth of the allegations regarding impacts on Colonial and hence denies the same.  AECOM admits that the initial release presented a potential hazard, which was addressed through the actions of the parties and various agencies.

47.     AECOM lacks sufficient information to form a belief as to the truth of the allegations regarding details of the response and hence denies the same.  AECOM admits that the parties and various agencies responded on April 9, 2019, and thereafter.

48.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 48 and hence denies the same.

49.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 49 and hence denies the same.

50.     AECOM admits that McCrory Creek is a tributary of the Stones River.  The remaining allegations of paragraph 50 are matters of law, to which no response is required.  To the extent these can be read as allegations of fault or liability, they are denied

51.     The allegations of paragraph 51 relate to matters of law, to which no response is required.  To the extent these can be read as allegations of fault or liability, they are denied.

4842-5529-1601v1
2946131-000024 11/09/2020

52.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 52 and hence denies the same.

53.     AECOM admits that Colonial undertook remediation actions but lacks sufficient information to form a belief as to the truth of the remaining allegations of paragraph 53 and hence denies the same.

54.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 54 and hence denies the same.

55.     Upon information and belief, AECOM admits that Colonial, MNAA, and TDOT had discussions regarding relocation of the Colonial pipelines.  AECOM lacks sufficient information to form a belief as to the remaining allegations of paragraph 55 and hence denies the same.

56.     AECOM admits that the release of gasoline initially created a hazard at the airport, which was addressed through the actions of the parties and various agencies. AECOM lacks sufficient information to form a belief as to the remaining allegations of paragraph 56 and hence denies the same.

57.     The allegations of paragraph 57 are denied to the extent that they can be read to allege fault or liability as to AECOM.

**Count I:  Breach of Contract by MNAA**

58.     AECOM adopts its responses to the allegations of paragraphs 1-57, above.

8

59.     AECOM is not a party to the Easement Agreement, lacks sufficient information to form a belief as the truth of the allegations of paragraph 59, and hence denies the same.

60.     The allegations of paragraph 60 relate to matters of law and to other parties. To the extent that they can be read to allege fault or liability, they are denied.

61.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 61 and hence denies the same.

62.     The allegations of paragraph 62 are denied.

63.     The allegations of paragraph 63 are denied.

64.     The allegations of paragraph 64 are denied.

65.     The allegations of paragraph 65 are denied.

66.     The allegations of paragraph 66 are denied.

67.     The allegations of paragraph 67 are denied.

68.     The allegations of paragraph 68 are denied.

## Count II: Negligence by MNAA and AECOM

69.     AECOM adopts its responses to the allegations of paragraphs 1-57, above.

70.     The allegations of paragraph 70 relate to matters of law, to which no response is required. To the extent that they can be read as allegations of fault or liability they are denied.

9

71.     The allegations of paragraph 71 are denied.

72.     The allegations of paragraph 72 are denied.  To the extent that AECOM's acts are found to have been negligent (which it denies), fault must be apportioned among all parties and non-parties found to be at fault, including Colonial, TDOT, and MNAA.

73.     The allegations of paragraph 73 are denied.  To the extent that AECOM's acts are found to have been negligent (which it denies), fault must be apportioned among all parties and non-parties found to be at fault, including Colonial, TDOT, and MNAA.

74.     The allegations of paragraph 74 are denied.  To the extent that AECOM's acts are found to have been negligent (which it denies), fault must be apportioned among all parties and non-parties found to be at fault, including Colonial, TDOT, and MNAA.

## Count III:  Trespass by AECOM

75.     AECOM adopts its responses to the allegations of paragraphs 1-57, above.

76.     The allegations of paragraph 76 are denied.

77.     The allegations of paragraph 77 are denied.

78.     The allegations of paragraph 78 are denied.

## Count IV:  Wrongful Interference with Easement by AECOM

79.     AECOM adopts its responses to the allegations of paragraphs 1-57, above.

10

80. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 80 and hence denies the same.

81. The allegations of paragraph 81 are denied.

82. The allegations of paragraph 82 are denied.

## Count V:  Implied Indemnity Against MNAA and AECOM

83. AECOM adopts its responses to the allegations of paragraphs 1-57, above.

84. AECOM lacks sufficient information to form a belief as to the costs incurred by Colonial and hence denies the same.  AECOM denies that any such losses are the result of the acts or omissions of AECOM or MNAA.

85. The allegations of paragraph 85 are denied.

86. The allegations of paragraph 86 are denied.  Even if AECOM were at fault in part (which it expressly denies), any liability must be apportioned under principles of comparative fault and equitable apportionment.

87. The allegations of paragraph 87 are denied.

## Count VI:  OPA Third-Party Claim Against MNAA and AECOM Under 33 U.S.C. § 2702(d) and 33 U.S.C. § 2703, and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 et seq.

88. AECOM adopts its prior responses to paragraphs 1-57, above.

89. AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 89 and hence denies the same.

11

90.     The allegations of paragraph 90 relate solely to matters of law.  To the extent that they can be read as allegations of fault or liability, they are denied.

91.     AECOM lacks sufficient information to form a belief as to the truth of the allegations of paragraph 91 and hence denies the same.

92.     The allegations of paragraph 92 are denied.

93.     The allegations of paragraph 93 are denied.

94.  The allegations of paragraph 94 relate solely to matters of law.  To the extent that they can be read as allegations of fault or liability, they are denied.

95.     The allegations of paragraph 95 are denied.

96.     The allegations of paragraph 96 are denied.

**Count VII:  OPA Contribution Claim Against MNAA and AECOM Pursuant to 33 U.S.C. § 2709 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*.**

97.     AECOM adopts its responses to the allegations of paragraphs 1-57, above.

98.     The allegations of paragraph 98 relate to matters of law, to which no response is required.  To the extent these can be read as allegations of fault or liability, they are denied.

99.     The allegations of paragraph 99 relate to matters of law, to which no response is required.  To the extent these can be read as allegations of fault or liability, they are denied.

12

100.    The allegations of paragraph 100 relate to matters of law, to which no response is required.  To the extent these can be read as allegations of fault, liability, or damages, they are denied.

101.    The allegations of paragraph 71 are denied.

102.    The allegations of paragraph 72 are denied.

## Count VIII:  Declaratory Judgment

103.    AECOM adopts its responses to the allegations of paragraphs 1-57, above.

104.    The allegations of paragraph 104 regarding the existence of a controversy are admitted.

105.    The allegations of paragraph 105 are denied.

## Prayer for Relief

106.    AECOM denies that Colonial is entitled to the relief set out at page 18 of its Amended Complaint or to any other relief.

107.    Any allegation not expressly admitted above is denied.

## Affirmative Defenses

108.    All of Colonial's claims are barred by the independent, intervening acts of the Tennessee Department of Transportation, which are the sole proximate cause of any loss or damages.

13

109.    In the alternative, any recovery by Colonial under any of its alternative causes of action must by allocated among parties and non-parties, including Colonial and the Tennessee Department of Transportation, under principles of comparative fault, equitable allocation, or contribution.

110.    Colonial's recovery, if any, should be reduced to the extent its response costs are not consistent with the National Contingency Plan.

111.    Colonial's recovery, if any, should be reduced for any failure to mitigate its damages.

112.    Colonial's claim under the OPA is barred by the third-party defense of 33 U.S.C. § 2703(a)(3) in that the release or threatened release of petroleum from the Colonial pipeline was the result of the acts of the Tennessee Department of Transportation, a third party with whom AECOM did not have a contractual relationship, and when AECOM exercised due care.

113.    To the extent that MNAA is entitled to immunity or limitation of damages as a governmental entity, AECOM is entitled to share in that immunity or limitation of damages under derivative immunity.

114.    Colonial is not entitled to recover its costs under OPA or otherwise because it failed to exercise due care with respect to the oil concerned; and because it failed to take precautions against foreseeable acts or omissions of third parties and the consequences of those acts or omissions.

14

WHEREFORE, Defendant AECOM Technical Services, Inc., requests that, after all due proceedings, it be dismissed and awarded its costs and fees as allowed by law.

> ***/s/ Gary C. Shockley***
> Gary C. Shockley (BPR 010104)
> Caldwell G. Collins (BPR 28452)
> **Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C**.
> Suite 800, 211 Commerce Street
> Nashville, Tennessee 37201
>
> gshockley@bakerdonelson.com
> ccollins@bakerdonelson.com
>
> (615)726-5704 (phone)
> (615)744-5704 (fax)

## Certificate of Service

I hereby certify under Rule 5 of the Federal Rules of Civil Procedure that a true and exact copy of the foregoing Answer to Amended Complaint was served upon the following counsel of record by operation of the Court's electronic filing system:

> Brian M. Dobbs
> L. Wearen Hughes
> J. Andrew Goddard
> Bass, Berry & Sims PLC
> 150 3rd Avenue South, Suite 2800
> Nashville, TN 37201
>
> Paul S. Davidson
> Waller Lansden Dortch & Davis, LLP
> 511 Union Street, Suite 2700
> Nashville, TN 37219

> ***/s/ Gary C. Shockley***
> Attorney

15