IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **COLONIAL PIPELINE COMPANY**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) NO. 3:20-cv-00666 |
| v. | ) |
| | ) JUDGE CAMPBELL |
| **METROPOLITAN NASHVILLE** | ) MAGISTRATE JUDGE NEWBERN |
| **AIRPORT AUTHORITY; and AECOM** | ) |
| **TECHNICAL SERVICES, INC.,** | ) |
| | ) |
| Defendants. | ) |

# ORDER

Pending before the Court is a Motion to Consolidate filed by Plaintiff Colonial Pipeline Company ("Colonial"). (Doc. No. 30). Colonial seeks to consolidate this case with *Metropolitan Nashville Airport Authority v. Colonial Pipeline Co.*, Case No. 3:20-cv-00809, also pending before this Court. Defendants Metropolitan Nashville Airport Authority (the "Airport") and AECOM Technical Services, Inc. ("AECOM") oppose consolidation of the cases.

Federal Rule of Civil Procedure 42 authorizes the consolidation of cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a). The decision to consolidate is within the court's discretion. *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1011 (6th Cir. 1993). In the Sixth Circuit, courts consider "whether the specific risks of prejudice and possible confusion [are] overborne by the risk of inconsistent adjudications of common factual and legal issues, the burden on parties, witnesses and available judicial resources posed by multiple lawsuits, the length of time to conduct multiple lawsuits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Id.* "The underlying objection [of consolidation] is to

administer the court's business 'with expedition and economy while providing justice to the parties.'" *Advey v. Celotex Corp.*, 962 F.2d 1177, 1180 (6th Cir. 1992).

Colonial owns and operates gas pipelines, some of which are on property owned by MNAA at the Nashville airport and are the subject of an easement agreement between Colonial and MNAA. In early April 2019, the Tennessee Department of Transportation ("TDOT") punctured a Colonial pipeline at the airport, resulting in a substantial gasoline spill of over 14,000 gallons. Colonial filed this case against MNAA and the engineering firm ASCOM, primarily seeking recovery of costs and damages from the pipeline strike.

MNAA filed a separate action against Colonial seeking a declaratory judgment that, under the easement agreement, Colonial is obligated to relocate the pipeline, at its own expense, to make way for airport expansion. *Metropolitan Nashville Airport Authority v. Colonial Pipeline Company*, Case No. 3:20-cv-00809 (the "relocation case").

Colonial claims that the pipeline strike impacted its plans to relocate and replace portions of its pipelines to accommodate the airport project, including as to timing, location, and cost. Colonial notes that the pipeline relocation will also need to accommodate a TDOT project at the Interstate 40 interchange near the airport.

Colonial seeks consolidate of the two matters to avoid the risk of inconsistent judgments and to lessen the burden on the parties, witnesses, and the Court in adjudicating two separate cases. Colonial argues that the determination of MNAA's liability for the line strike could impact its obligation to relocate the airport pipeline. Specifically, Colonial asserts that MNAA's responsibility for the line strike is a material breach of the easement agreement that excuses Colonial from its obligations under the agreement; or that the line strike made line relocation impracticable, impossible, or frustrated the purpose of the agreement. In addition, Colonial claims

2

that, with regard to its alleged obligation to relocate the pipeline at its own cost, it may be entitled to set off damages from the line strike against the cost of relocating the pipeline. Colonial acknowledges that a jury has been requested in the pipeline damages case, but not the relocation case and that AECOM is not a party to the relocation case. It argues, however, that any possible jury confusion is outweighed by the risk of inconsistent adjudication of overlapping factual issues and that AECOM would not be unduly burdened by consolidation because it has been advising MNAA on potential projects and will be a witness in both cases.

Both MNAA and AECOM object to consolidation. While AECOM argues the merits of the motion to consolidate, it's primary objection is simple: "AECOM is a party to one suit, and would strongly prefer not to be dragooned into another." (Doc. No. 38 at 5).

MNAA argues that the cases do not share significant common issues of fact or law, keeping the cases separate presents no risk of inconsistent adjudications, and consolidation would result in undue delay in the relocation case. The sum and substance of MNAA's argument against consolidation is that its potential liability related to the line strike has no bearing on the Colonial's obligation under the easement agreement to relocate the pipeline and consolidation of the two cases would result in unnecessary delay in the relation case. MNAA devotes a significant portion of its response to arguing that the first material breach doctrine is inapplicable – a question the Court will not decide at this juncture.

The Court finds that consolidation is not appropriate. The Court is unpersuaded that resolution of the claims in the relocation case is contingent upon a determination of liability in the pipeline strike case. To the extent the possibility of inconsistent judgments is a legitimate concern, such likelihood is tempered by the fact that both cases will be tried before this Court. MNAA argues that relocation of the pipeline is time sensitive and it will be prejudiced by the delay that

will result from consolidation. The concern regarding delay is not unfounded – Colonial states in its complaint that the costs incurred as a result of the pipeline strike are "ongoing and undetermined as of yet." (Am. Compl., Doc. No. 26). AECOM, which is not a party to the relocation case, would undeniably be prejudiced by being forced to participate in that matter. Any inefficiencies resulting from overlapping discovery is mitigated by the fact that case management will be handled by the same magistrate judge. In consideration of these factors, the Court finds that although there is some overlap in the claims and relevant evidence, it is insufficient to warrant consolidation.

Accordingly, for the reasons stated, the motion to consolidate (Doc. No. 30) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE