IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| COLONIAL PIPELINE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:20-CV-00666 |
| METROPOLITAN NASHVILLE AIRPORT AUTHORITY and AECOM TECHNICAL SERVICES, INC., | ) Judge William L. Campbell, Jr.<br>) Magistrate Judge Alistair E. Newbern<br>) JURY TRIAL DEMANDED |
| Defendants. | ) |

**REPLY IN FURTHER SUPPORT OF METROPOLITAN NASHVILLE AIRPORT AUTHORITY'S PARTIAL MOTION TO DISMISS**

Metropolitan Nashville Airport Authority (the "Airport") respectfully submits this reply memorandum in further support of its motion to dismiss Count I of Plaintiff's Amended Complaint (the breach of contract claim).

**I.      The Airport is Not in Breach of Any Express Contractual Duty.**

Plaintiff contends the Airport has "breached the Easement Agreement, including impairing and injuring Colonial's rights and reasonable expectations, by acting and failing to act in a manner that caused Colonial's pipeline to be punctured[.]" *See* ECF No. 45 at 4-5. But neither the Amended Complaint nor Plaintiff's opposition identifies any duty the Airport owed to Plaintiff under the express terms of the Easement Agreement or otherwise, to prevent accidental damage to Plaintiff's pipeline by a third party. Because Plaintiff cannot allege the Airport has deficiently performed any express provision of the agreement, its attempt to shoehorn in a breach of contract claim by relying on an implied duty of good faith and fair dealing fails. Plaintiff concedes this implied duty does not create new contractual rights or obligations or give rise to a stand-alone claim for breach of contract under Tennessee law.

**II. Plaintiff Fails to State a Claim for Breach of The Implied Duty of Good Faith and Fair Dealing.**

Plaintiff purports to recite the applicable contract law on pages 2 and 3 of its opposition, but it does not mention or dispute the important principle that: "[A] claim based on the implied covenant of good faith and fair dealing is not a stand-alone claim; rather, it is part of an overall breach of contract claim." *Cadence Bank, N.A. v. Alpha Trust*, 473 S.W.3d 756, 773 (Tenn. Ct. App. 2015). Because Plaintiff fails to state a deficiency in the Airport's performance amounting to a breach of an express term of the Easement Agreement, its attempt to state a breach of contract claim in reliance on the implied duty of good faith and fair dealing in the performance and enforcement of contracts is misplaced. *See Hixson v. Am. Towers LLC*, 593 S.W.3d 699, 714 (Tenn. Ct. App. 2019).

Plaintiff also fails to mention and does not dispute that in order to state a claim for breach of the implied duty of good faith and fair dealing, the complaint must include allegations that the defendant's conduct, in breach of an express provision of the contract, falls outside of the boundaries of acceptable commercial practice or was motivated by a dishonest purpose, fraudulent intent, or ill will. *See, e.g., Dick Broad. Co. v. Oak Ridge FM, Inc.*, 395 S.W.3d 653, 676 (Koch, J., concurring) (Tenn. 2013). Plaintiff does not allege (nor could it) that the Airport's conduct fell outside the boundaries of acceptable commercial practice or that it was motivated by a dishonest purpose, fraudulent intent, or rooted ill will. [1]

---

[1] Although Plaintiff argues that, by the Airport's logic, the Airport "could dig up and remove Colonial's pipeline and that cannot be a breach of the agreement," (*see* ECF No. 45 at 9), this goes too far. The purported breach of the implied duty of good faith and fair dealing in this case, as is clear from a reading of Plaintiff's Amended Complaint, was the product of an unfortunate construction accident actually caused by a third party, not the result of any conduct that would give rise to a breach of the covenant of good faith and fair dealing.

Upon close inspection, the factual landscape and the holdings of the authorities cited by Plaintiff actually support the Airport's partial motion to dismiss.

For example, in the *Dick Broadcasting* case cited above, defendant radio station contractually agreed for plaintiff broadcasting company to have the right of first refusal to purchase certain assets. The agreement expressly stated "[n]o party may assign its rights, interest or obligations hereunder without the prior consent of the other party," but was silent on the standard of conduct for withholding consent. *Id.* at 657. The broadcasting company sued for breach of contract, claiming the radio station's unreasonable withholding of consent violated the implied duty of good faith and fair dealing. The Court held for the broadcasting company, because the implied covenant of good faith and fair dealing required the radio station to comply with its express contractual obligation in good faith and in a commercially reasonable manner. In a concurring opinion, Justice Koch made clear: "in order for a commercial actor's conduct to amount to [breach of the implied duty of good faith and fair dealing], there must be evidence that it falls outside of the boundaries of acceptable commercial practice or it was motivated by a dishonest purpose, fraudulent intent, or ill will." *Id.* at 676 (Koch, J., concurring).[2]

The other cases upon which Plaintiff relies are similarly distinguishable. *Long v. McAllister-Long*, 221 S.W.3d 1 (Tenn. Ct. App. 2006) is a divorce case in which a wife sought to

---

[2] *See also Beijing Fito Med. Co. v. Wright Med. Tech., Inc.*, 763 Fed. Appx. 388, 394-395 (6th Cir. 2019) ("commercially reasonable, self-interested business tactics do not, by themselves, breach the implied covenant of good faith and fair dealing. Tennessee courts readily acknowledge that the duty of good faith and fair dealing is not specifically defined. And the majority opinion in *Dick Broadcasting* does not address the scope of the implied covenant, prompting Justice Koch's separate concurrence to address this important point. That concurrence cautions against a broad definition of good faith that undermines parties' freedom to contract and instead suggests a narrower definition: the absence of bad faith. Bad faith is not simply bad judgment or negligence. Rather, bad faith involves a dishonest purpose and may include fraud, deceit, or the refusal to fulfill a contractual obligation.") (internal citations and quotations omitted).

hold her former husband in criminal contempt for willfully violating a court order, because he intentionally failed to comply with a marital dissolution agreement. There, "[t]he parties' marital dissolution agreement drafted by Mr. Long plainly obligates him to be responsible for several marital debts" which he deliberately failed to pay. *Id.* at 12. Here, by contrast, Plaintiff has failed to identify any express duty owed under the agreement by the Airport which the Airport has failed to perform. Further, the Airport's purported breach was not a willful attempt to get back at an ex-wife, but an accident actually caused by a third party (TDOT).

*Barnes & Robinson Co. v. Onesource Facility Servs.*, 195 S.W.3d 637 (Tenn. Ct. App. 2006) also does not support Plaintiff's breach of contract claim. In that case, the court affirmed dismissal of a breach of contract claim where the parties entered letters of intent to purchase janitorial service business assets. Because the parties did not have an enforceable contract, the duty of good faith and fair dealing did not apply.

Count I of the Amended Complaint should be dismissed for failure to state a claim. The implied duty of good faith and fair dealing, standing alone, does not save Plaintiff's argument.

### III. Plaintiff's Claim for Interference with Easement Sounds in Tort

Plaintiff's claim could have been, but was not, asserted as a cause of action for unreasonable interference with easement. The cases cited in support of the Airport's motion, and particularly the cases of *Cox v. E. Tenn. Natural Gas Co.*, 136 S.W.3d 626 (Tenn. Ct. App. 2003) and *Ute Water Conservancy Dist. v. Fontanari*, No. 15CV30590, 2016 Colo. Dist. LEXIS 8 (Colo. Dist. Feb. 23, 2016), are instructive.

In *Cox*, a gas pipeline was installed pursuant to an express easement agreement which granted a 50-foot easement for the purpose of "laying, constructing, maintaining, operating, altering, replacing, inspecting, patrolling, servicing, and repairing and removing pipe lines[.]"

4846-5046-3956

4

Case 3:20-cv-00666   Document 47   Filed 12/14/20   Page 4 of 6 PageID #: 421

When landowner sought to fill 23 feet of dirt over the pipeline in order to better access a road abutting his property, the gas company sued for declaratory judgment. The Tennessee Court of Appeals found the landowner's proposal would constitute an unreasonable interference with the rights of the easement owner. The court *did not* address the declaratory judgment action through the lens of contract law, and did not find such an action would be breach of contract.

Likewise, in *Ute,* a water pipeline was installed pursuant to an express easement agreement which required plaintiff, a local government district, to bury the pipeline below ground. Defendants counterclaimed for declaratory judgment and trespass, alleging portions of the pipeline were above the surface and that this was a breach of the easement agreement. Plaintiff moved to dismiss the breach of contract claim. The Court granted dismissal because although the counterclaim "appears on the surface to be rooted in contract, the substance of the claim actually lies in tort." *Id.* at *4-5.

The same is true here. Plaintiff essentially concedes at page 8 of its opposition that its purported breach of contract claim is an attempt to circumvent the Tennessee Governmental Tort Liability Act ("GTLA") and to create a "first material breach" defense to the Airport's separately filed pipeline relocation action. The gravamen of Plaintiff's complaint lies in tort, not contract, and Plaintiff should not be allowed by artful pleading to avoid protections and immunities under the GTLA or its own contractual obligations to relocate its pipeline to accommodate the Airport's expansion.

## CONCLUSION

For the foregoing reasons, the Court should grant the Airport's partial motion to dismiss.

Dated: December 14, 2020.

/s/Paul S. Davidson
Paul S. Davidson (Tenn. BPR No. 011789)
Edward Callaway (Tenn. BPR No. 016016)
Michael C. Brett (Tenn. BPR No. 037290)
WALLER LANSDEN DORTCH & DAVIS LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 14, 2020, a copy of the foregoing document was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

L. Wearen Hughes
J. Andrew Goddard
Brian M. Dobbs
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
(615) 742-6200
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Plaintiff Colonial Pipeline Company*

Gary C. Shockley
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce St., Suite 800
Nashville, TN 37201
(615) 726-5600
gshockley@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

/s /Paul S. Davidson

4846-5046-3956

6

Case 3:20-cv-00666   Document 47   Filed 12/14/20   Page 6 of 6 PageID #: 423