UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| COLONIAL PIPELINE COMPANY ) <br> ) <br> *Plaintiff/Counter-Defendant* ) <br> ) <br> v. ) <br> ) <br> METROPOLITAN NASHVILLE AIRPORT ) <br> AUTHORITY; ) <br> ) <br> *Defendant/Counterclaimant* ) <br> ) <br> AECOM TECHNICAL SERVICES, INC. ) <br> ) <br> *Defendant* ) | Case No. 3:20-cv-00666 <br><br> Judge William L. Campbell, Jr. <br> Magistrate Judge Alistair E. Newbern <br> JURY DEMAND |

**AGREED ORDER REGARDING DISCOVERY OF
ELECTRONICALLY STORED INFORMATION**

**I.    Purpose**

This Order supplements Rules 26 and 34 of the Federal Rules of Civil Procedure regarding discovery of electronically stored information ("ESI"), the Local Rules, and any other applicable orders and rules. This Order does not displace Rules 26 or 34 or diminish a party's obligations to search for, collect, and produce discoverable information kept in the ordinary course as ESI.

**II.    Cooperation**

The parties are aware of the importance the Court places on cooperation, and will cooperate in good faith consistent with this Order.

**III.    Definitions**

The following definitions apply to this Order:

**A.    Bates Number** means a unique alphanumeric identifier associated with every physical sheet of paper, electronic file, electronically stored TIFF image, or other tangible thing,

consisting of (1) an alphabetic portion identifying the producing party and/or other characteristics of the production; and (2) a numeric portion incremented according to a scheme defined at the producing party's discretion to ensure that the alphanumeric identifier for each physical sheet of paper, electronic file, electronically stored TIFF image, electronically stored PDF image, or other tangible thing is unique. The alphanumeric identifier will be no more than sixteen (16) characters in length and the number of digits within the identifier will be the same for all production volumes from the same party.

   **B.**  **Document** means anything subject to production or inspection under Federal Rule of Civil Procedure 34(a), including (1) any document or ESI—including writings, drawings, graphs, charts, photographs, text messages, sound recordings, images, and other data or data compilations—stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form; or (2) any tangible thing.

   **C.**  **ESI** means any electronically stored file or information kept as such in the ordinary course of business, consistent with Federal Rule of Civil Procedure 34, including the following kinds of commonly generated and stored electronic Documents: (1) email messages; (2) word processing Documents (created with, for example, Microsoft Word and WordPerfect); (3) spreadsheets, including files with .xls, .xlsx, and .csv file extensions; (4) files formatted for display in a web browser, for example, files with an .htm, .html, .php, or .cfm extension; (5) Adobe Acrobat files; (6) ASCII text files, for example, files with a .txt or .dat file extension; (7) presentation Documents and embedded files (created with, for example, Microsoft PowerPoint); (8) electronic text messages; and (9) drawings, maps and map data, renderings, and other surveying, engineering, and related Documents and files.

2

Case 3:20-cv-00666   Document 60   Filed 04/05/21   Page 2 of 14 PageID #: 481

D. **Hard Copy Document** means a Document kept in physical form, as opposed to electronic form, in the ordinary course of a party's business.

E. **Native Format** means the associated file structure defined by the original application with which an electronic file was created. For example, the Native Format associated with a Microsoft Word 2007 file is .docx and the Native Format associated with an Adobe Acrobat file is .pdf.

F. **Spreadsheet** means an electronic file that displays multiple cells that together make up a grid consisting of rows and columns, each cell containing either alphanumeric text or numeric values, including files created with Microsoft Excel and Google Sheets.

IV. **Production Protocols for ESI**[1]

A. **ESI**. ESI and Hard Copy Documents produced as scanned images will be produced as black and white Group IV single-page TIFF (300 DPI, 1 bit) with the following exceptions: (1) Documents that are in color such as those containing images should be produced as single page color jpegs (.JPG); and (2) certain Documents identified in B. below, may be produced in Native Format. If after reviewing any black and white Document, a receiving party believes color is critical to a Document, the parties will meet and confer regarding production of Documents in color, which production will not be unreasonably withheld. The parties will provide image load files in Concordance (.OPT and .LFP) format so as to facilitate the use of the produced images by a document management or litigation support system. The extracted, relevant metadata will be provided in a Concordance .DAT format and the extracted text or searchable text (OCR) for non-native, non-searchable native, or redacted files will be provided as

---

[1] Further protocols and technical specifications for the production of ESI are set forth in the attached "Specifications for Production of ESI."

document level text (.txt) files or other standard, compatible file format as reasonably specified by the receiving party.

**B.  Native Format**. Spreadsheets (such as Excel and Google Sheets files), PowerPoints, audio, video, XML, Documents in .nwd, .nwf, .nwc, .dwg, .dxf and similar drawing and 3D file formats, and other files that do not convert to image without the potential loss of substantive data, will be produced in their Native Format and contain the Bates Number and any confidentiality designation of the file in the file title. Wherever feasible, the producing party will include accompanying metadata in the load file for non-redacted native files. The parties will produce the agreed upon metadata fields from non-redacted files produced in Native Format. In addition, native files will be accompanied by an image (TIFF) placeholder that contains the Bates Number and any confidentiality designation of the file. Additionally, if after reviewing production of other ESI in a non-native format, a receiving party believes it is necessary to review a certain Document or Documents in Native Format, the parties will meet and confer regarding production of discrete Documents in Native Format, which production will not be unreasonably withheld.

**C.  Hard Copy Documents**. For all Hard Copy Documents produced as scanned images, the content of such Document will be extracted by optical character recognition (OCR), or another suitable method, to a searchable text file produced with the corresponding image(s) or embedded within the image file.

**D.  Parent-Child Relationships**. ESI parent-child relationships (the association between an attachment and its parent Document) will be preserved whenever reasonable in such a way that a Document and any attachments are produced in the same production set and are identifiable as parent and child.

4

Case 3:20-cv-00666   Document 60   Filed 04/05/21   Page 4 of 14 PageID #: 483

E. **De-duplication**. The parties will use their best efforts to globally de-duplicate Documents prior to producing them; meaning that exact duplicates of a parent Document (i.e., all duplicates having the same hash value as the original Document) will be removed, to the best of the producing party's ability, from the entire population of Documents produced. Attachments to emails will not be considered duplicates unless the parent email is an exact duplicate.

F. **Email Thread Analysis.** Email thread analysis may be used to reduce the volume of emails reviewed and produced. The produced emails will include all of the responsive information from a thread, including attachments. For example, if an email in a string deviates from the thread such that it contains attachments not included in the most complete thread, that individual email and its attachments will also be produced. If, after reviewing production of threaded emails, a receiving party believes it necessary to receive copies of any discrete emails produced within a thread (i.e., for use as exhibits during deposition or at trial), the parties will meet and confer regarding production of such discrete thread-member Documents, which production will not be unreasonably withheld..

G. **Technology-Assisted Review.** The parties may use technology-assisted review to identify responsive Document families for production.

H. **Email Redactions.** In the event the producing party finds redactions are needed, the producing party will redact only that information in the body of the email and subject line that is privileged or otherwise protected.

I. **Native Redactions.** In the event a producing party finds the redaction of certain Documents in image form to be overly burdensome, it may redact such Documents in their Native Format. The produced Documents will clearly indicate which portions have been

5

redacted, and the searchable text provided will accurately reflect the contents of the Document as produced.

**J.  Privilege Logs.** The parties will provide a log of all Documents withheld on the basis of privilege, work product protection, or other claimed immunity from production. For ESI, each party may create privilege logs using one of the following methods. For Hard Copy Documents, each party will create privilege logs using the standard privilege log.

    **1.  Automated Log.** An automated privilege log will be generated from the following metadata fields, to the extent they exist, as electronic metadata associated with the original ESI:

        a.  SUBJECT
        b.  FILE NAME
        c.  CUSTODIAN
        d.  AUTHOR
        e.  SENDER/FROM
        f.  RECIPIENTS/TO
        g.  CC
        h.  BCC
        i.  SENT DATE AND TIME
        j.  RECEIVED DATE AND TIME
        k.  FILE CREATED DATE AND TIME
        l.  FILE LAST MODIFIED DATE AND TIME
        m.  PRIVILEGE TYPE
        n.  PRIVILEGE REASON (coded field)
        o.  ATTORNEYS (other attorneys (and legal staff) involved in the communication not indicated in metadata)
        p.  BEG BATES (for redacted Documents)
        q.  END BATES (for redacted Documents)

With respect to the SUBJECT OR FILENAME fields, the producing party may substitute a description of the communication where the content of these fields reveals privileged information, but will indicate the fields have been revised. The automated log should also include a field for PRIVILEGE REASON, which is a coded (not automated) field. The automated log should also include a field for ATTORNEYS that lists other

6

attorneys (and legal staff) involved in the communication not indicated in metadata, which may be an automated or coded (not automated) field. Should the receiving party in good faith have reason to believe a particular entry on the Automated Log does not reflect a privileged Document, it may request a Standard Log for that entry, to be produced within two weeks of the request, or within such other reasonable time as the parties agree or the Court orders.

2. **Standard Log.** A standard privilege log includes these standard fields: author/sender/from; recipients/to; cc; bcc; custodian; date; privilege type; and a description sufficient to identify the subject of the Document and the basis for the withholding of production. The privilege log fields for email strings will contain the information from the top email in the email string. The parties will also populate a field with all other attorneys (and legal staff) identified on the face of the Document not already captured in the top email of the email string. Other attorneys (and legal staff) need only be identified for the email strings withheld as entirely privileged.

3. Documents created after the filing of the lawsuit containing privileged and/or work product material relating to the lawsuit do not need to be logged.

K. **Databases**. Each party may specify the form in which ESI is to be produced when that ESI is generated by or maintained in Microsoft Access or other database software. If the producing party objects to such form, the parties will meet and confer to resolve any disagreements as to production format prior to the time for production. Where a party produces Microsoft Access or other database software files only in Native Format, the producing party will provide a corresponding image (TIFF) placeholder that contains the Bates number and any confidentiality designation of the file.

7

**L.     Rule 26 Standard.** The parties agree that if a party designates a data source as not reasonably accessible, it will be assessed using the factors established in Fed. R. Civ. P. 26 (and case law interpreting the same).

**M.     No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including backup tapes, disks, SAN or other forms of media, in order to comply with its discovery obligations. This does not exempt a party from any obligation to properly preserve copies of potentially relevant Documents that reside on back-up media.

**N.     Metadata Fields**. Required metadata fields, in addition to those set forth in J.1 above, are identified in the attached "Specifications for the Production of ESI."

**O.     Non-English ESI**. Textual information associated with ESI will be produced at least in the language in which it is kept in the usual course of business. This protocol does not affect translation of Documents produced in discovery.

**P.     No Obligation to Convert Third-Party Productions**. The parties agree that any Document production received from a third party will be produced in the format in which it was received, unless the parties agree otherwise.

**Q.     Rolling Productions.** The parties will produce Documents on a rolling basis to the extent that expedites production.

**R.     Method of Production**. Documents produced will be made available via secure file transfer (e.g., SecureShare), if requested by the receiving party. If a production is too large for secure file transfer, Documents will be produced on hard-disk drive or similar media.

S.  **Scope of Order**

This Order may be modified only by agreement of the parties or by the Court. Nothing in this Order waives any objections to discovery or admissibility, or any other privileges or immunities, or, except as specifically provided herein, imposes obligations different than those contained in the Federal Rules of Civil Procedure and/or the Federal Rules of Evidence. The parties recognize additional issues or unforeseen circumstances may arise in the course of discovery, and nothing in this Order is intended to, or does, restrict the ability of any party to request additional information or seek additional relief from the Court. The parties each retain the right to seek exceptions, amendments, or modifications to this Order from the Court.

SO ORDERED.

_____

APPROVED FOR ENTRY:

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Plaintiff and Counter-Defendant*
*Colonial Pipeline Company*

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Edward Callaway (BPR No. 016016)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Defendant and Counter-Claimant*
*Metropolitan Nashville Airport Authority*

s/ *Gary C. Shockley*
Gary C. Shockley (BPR No. 10104)
Caldwell G. Collins (BPR No. 28452)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5704
Facsimile: (615) 744-5704
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for Defendant*
*AECOM Technical Services, Inc.*

10

# Specifications for Production of ESI

**Production Folders**
- Production folders should be delivered as shown below and be restricted to 1,000 files per subfolder.
  - DATA
  - IMAGES
  - NATIVES
  - TEXT

**Required Metadata and Database Field Formatting**
- Metadata load file should be encoded in Unicode and provided with Concordance delimiters and delivered in DAT format:

| Value | Character | ASCII Number |
|---|---|---|
| Column | ¶ | 20 |
| Quote | þ | 254 |
| Newline | ® | 174 |
| Multi-Value (Do not follow with | ; | 59 |
| Nested Value | \ | 92 |

- The first row of each metadata load file should contain the field names requested in the Metadata Table below, or as specified in the ESI order or agency specifications. All requested fields should be present in the metadata load file regardless of whether data exists. Field order must remain consistent in subsequent productions.
- Date & Time format should be MM/DD/YYYY HH:MM (06/30/2009 13:30), unless otherwise specified to be provided as separate fields. If date and time fields are to be provided separately, date format should be MM/DD/YYYY and time format should be HH:MM.
- All attachments should sequentially follow the parent document/email.

**Images**
- Single-Page images should be provided with an Opticon Image load file (.OPT).
- Format should be Black-and-white Group IV Single-Page TIFFs (300 DPI, 1bit).
- If color images are required, they must be provided in single-page .JPG format.
- Tiff/JPG images should be provided for all documents.
- When a file is provided natively, a slip-sheet must be supplied in the appropriate IMAGES folder and must contain CONTROL NUMBER, Confidentiality Designation, and "File Provided Natively."
- Image file names should match the page identifier for that specific image and end with the appropriate extension.
- File names cannot have embedded spaces, commas, ampersands, slashes, back slashes, hash marks, plus signs, percent signs, exclamation marks, any character used as a delimiter in the metadata load files, or any character not allowed in Windows file-naming convention (,& \ / # + % ! : * ? " < > | ~ @ ^).

**Natives**
- Spreadsheets (e.g. excel, google sheets, OpenOffice, CSV, TSV, etc.) and other files that cannot be converted to TIFF, such as media files (AVI, MOV, MP4, MP3) should be provided natively.
- Native file names should be named for the CONTROL NUMBER entry for that specific record with the Confidentiality Designation, separated by an underscore and end with the appropriate file extension (ABC00000001_Confidential.xls).

**Text**
- Text should be provided for each file in separate text file (.txt) with document level text and a relative link to the file in the DAT. DO NOT place extracted text or OCR in the DAT file.
- Text files should be named for the CONTROL NUMBER entry for that specific record.
- All records should have a text file even if the file has no text.

11

Case 3:20-cv-00666   Document 60   Filed 04/05/21   Page 11 of 14 PageID #: 490

- All text should be processed and delivered in Unicode. Please indicate in separate communication whether any other text encoding is present in the deliverable. Text files for redacted documents should be the OCR text of the document as redacted.

The parties recognize that from time-to-time a party may wish to modify its review workflows, which can affect the technical formatting specifications a party has requested, such as those set forth above. The parties agree to attempt to make reasonable and cost-neutral accommodations to future production deliveries in the event a party wishes to amend its technical formatting specifications.

**Metadata Table**

| CATEGORY | FIELD NAME | FIELD DESCRIPTION |
|---|---|---|
| *All* | CONTROL NUMBER | Starting number of a document (BegBates) |
| | CONTROL ENDDOC | Ending number of a document (EndBates) |
| | CONTROL BEGATTACH | Starting Bates number for parent document within a group |
| | CONTROL ENDATTACH | Ending Bates number for child document within a group |
| | CUSTODIAN | Custodian(s)/Source(s) – format: Last, First or Last_First |
| | ALL_CUSTODIANS | List of custodians that had a copy of the file before deduplication. Parties expect that this field will likely need to be updated with an overlay file during rolling productions. |
| | DOCUMENT TYPE | Field to identify record type (Email, Attachment, Edoc, Scanned Paper) |
| | DATETIME_DOC (Date and Time) | Provide the best single date and time available, depending on document type, in order of preference. It is the best of the following: email sent date; email received date; meeting start date; meeting end date; non-email internal modified date; parent date if an attachment with no other valid date; or file system date last modified if a loose file and no internal date is available. |
| | DATETIME_FAMILY (Date and Time) | The DATETIME_DOC value of the parent document, populated for the parent and children so that all documents in a family can be sorted chronologically with the children immediately following their parent document |
| | RELATIVE PATH | Folder path for Edocs as stored, or email container file path to the stored item |
| | ALL_PATHS | List of Relative Paths used for deduplication |
| | MD5HASH | Unique file identifier |
| | FILEEXTENSION | Actual file extension of the electronic file |
| | TIME ZONE FIELD | Specify the time zone applied during processing as applicable |
| | CONFIDENTIALITY | Provide any confidentiality designation on the image or appended to the native filename |
| | HAS REDACTIONS | Provide a value of "Yes" or "Redacted" to identify documents with redactions |
| | NATIVEPATH | Path to native files included in production |
| | TEXTPATH | Path to text files included in production |

12

| | | |
|---|---|---|
| ***Email*** | FROM | For emails, the "From" field; this value will be blank for all other documents; names ONLY |
| | TO | The recipient(s) of the message, same format as "From" |
| | CC | For emails, the "CC" field; note this will only be relevant for sent email; this value will be blank for received email and all other documents |
| | BCC | For emails, the "BCC" field; note this will only be relevant for sent email; this value will be blank for received email and all other documents |
| | SUBJECT | The subject of the email message |
| | DATETIME_EMAIL SENT (Date and Time) | For emails, the date and time the message was sent |
| | DATETIME_EMAIL RECEIVED (Date and Time) | Date and time the email was received |
| | ATTACHMENTCOUNT | Number of attachments included with an email |
| | ATTACHMENTNAMES | Concatenated list of attachment names separated by semicolons |
| ***Edoc*** | FILE NAME | The name of the original file (Original Filename) |
| | DATETIME_CREATED (Date and Time) | The date and time the eDoc was created as recorded by the file system |
| | DATETIME_META LAST MODIFIED (Date and Time) | The date and time the eDoc was last modified as recorded by the file system |
| | DOCTITLE | Title field of the eDoc (metadata) |
| | AUTHOR | Author of an eDoc |

**CERTIFICATE OF SERVICE**

I certify that I filed this document electronically using the Court's electronic case management system, which will send notice to:

Paul S. Davidson
Edward Callaway
Michael C. Brett
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

                                                                        s/ *Brian M. Dobbs*