UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| COLONIAL PIPELINE COMPANY )<br>)<br>*Plaintiff/Counter-Defendant* )<br>)<br>v. )<br>)<br>METROPOLITAN NASHVILLE AIRPORT )<br>AUTHORITY; )<br>)<br>*Defendant/Counterclaimant* )<br>)<br>AECOM TECHNICAL SERVICES, INC. )<br>)<br>*Defendant* ) | Case No. 3:20-cv-00666<br><br>Judge William L. Campbell, Jr.<br>Magistrate Judge Alistair E. Newbern<br>JURY DEMAND |

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties to this case have agreed to the following Confidentiality and Protective Order. Accordingly, it is ORDERED:

1. This Order applies to all documents, materials, and information, including documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, subpoena responses and other information disclosed pursuant to the Federal Rules of Civil Procedure or local court rules, or disclosed in connection with mediation or other attempts to settle this matter (collectively, "Discovery Materials").

2. As used in this Order, the term "document" means all documents, electronically stored information, and tangible things within the scope of Fed. R. Civ. P. 26(a)(1)(A)(ii) and 34(a)(1). All drafts and non-identical copies are separate documents within the meaning of this term.

3. As used in this Order, the term "Producing Party" means the party or third party producing Discovery Materials, and the term "Receiving Party" means any person to whom Discovery Materials are disclosed.

4. A Producing Party may designate any Discovery Materials as CONFIDENTIAL that in its good-faith judgment contain, reflect or otherwise disclose: (a) trade secrets under Tenn. Code Ann. § 47-25-1702(4); (b) information prohibited from disclosure by applicable law; (c) sensitive business, commercial and financial information; (d) private or confidential personal information; (e) information received in confidence from third parties, or (f) information the Producing Party otherwise believes in good faith is or should be entitled to protection under Fed. R. Civ. P. 26(c)(1)(G). The party who designates Discovery Materials as CONFIDENTIAL may at any time revoke that designation. No party or third party subject to this Order shall designate Discovery Materials as CONFIDENTIAL unless a particularized, specific assessment was made as to each document, and the designation applies only to the portions of the document that contain CONFIDENTIAL information.

5. A Producing Party may designate any Discovery Materials as HIGHLY CONFIDENTIAL that in its good-faith judgment contain, reflect or otherwise disclose: (a) previously non-disclosed highly sensitive financial information, including sales, costs, profitability, fee, or pricing data; (b) previously non-disclosed highly sensitive business-related information, including strategic business initiatives, marketing plans, product-development information, or business-sensitive information that is not otherwise available from other sources; (c) previously non-disclosed material relating to ownership or control of any non-public company; (d) details about Plaintiff and Counter-Defendant Colonial Pipeline Company's pipelines, their operation, and location, which if publicly disclosed could present a security risk

to the pipelines; or (e) any other confidential information of a highly sensitive nature, the disclosure of which would be detrimental to the Producing Party if disclosed to persons other than outside counsel of record for the parties in this case. The party who designates Discovery Materials as HIGHLY CONFIDENTIAL may at any time revoke that designation. No party or third party subject to this Order shall designate Discovery Materials as HIGHLY CONFIDENTIAL unless a particularized, specific assessment was made as to each document, and the designation applies only to the portions of the document that contain HIGHLY CONFIDENTIAL information.

6. Discovery Materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL ("Confidential Material") shall be designated as such by any of the following:

a) Without interfering with the legibility of the material, conspicuously marking the term "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on the face of each physical page or image of the document that contains the Confidential Material;

b) When ESI is produced that cannot itself be marked with the designation CONFIDENTIAL or HIGHLY CONFIDENTIAL, the physical media on which such ESI is produced shall be marked with the applicable designation. The party receiving this ESI is then responsible for affixing the applicable designation label to any physical copies or electronic images it creates; or

c) Employing any other reasonable method to which the parties agree.

7. Except as otherwise permitted by this Order or required by applicable law, Confidential Material may be used only for this case, *Metropolitan Nashville Airport Auth. v. Colonial Pipeline Co.*, Case No. 3:20-cv-00809 (the "Relocation Case"), which is also pending in this Court, and any appeal between these parties in this case and the Relocation Case, and for

no other purpose. Under no circumstance may any Confidential Material or any information learned or contained in any such material be used for any other purpose, including business, competitive, governmental or commercial, or any other administrative or judicial proceedings or actions.

8. Any party requesting that documents or portions of documents be sealed shall comply with LR 5.03 and Section 5.07 of Administrative Order No. 167-1 (Administrative Practices and Procedures for Electronic Case Filing), as further set forth in the Initial Case Management Order in this case (ECF Docket No. 50).

9. Discovery Materials designated as CONFIDENTIAL shall not, without the consent of the Producing Party and the party claiming confidentiality (if that party is different from the Producing Party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    a. the parties' in-house counsel and outside counsel of record, including employees, staff and supporting personnel (e.g., paralegals, clerical assistants) assigned to this case;

    b. representatives of insurance companies where counsel has a reasonable and good-faith belief that examination with respect to the document is necessary for the representative's assessment or evaluation of this case, provided the person has executed a Declaration of Compliance (Exhibit A);

    c. the named parties in this case, and their officers, directors, partners, members, and employees who counsel in good faith believes are reasonably necessary to assist counsel in this case;

4

d. witnesses in the course of deposition or testimony where counsel has a reasonable and good-faith belief that examination with respect to the document is appropriate in conducting discovery or other proceedings in this case, and any person being prepared to testify where counsel has a reasonable and good-faith belief that such person will be a witness in this case and that his/her examination with respect to the document is necessary in connection with such testimony, provided the person has executed a Declaration of Compliance (Exhibit A);

e. expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation of reports, or for depositions, trial or other proceedings in this case, provided the person has executed a Declaration of Compliance (Exhibit A);

f. vendors retained by or for the parties to assist in preparing for pretrial discovery, hearings and trial, including e-discovery vendors, graphic consultants and outside copy services; qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and jury consultants or mock jurors;

g. the Court and its employees assigned to this case;

h. mediators and other neutral evaluators assigned to the case by the Court or retained for the case by agreement of the parties;

i. any individual who is the author, creator, or original recipient of any of the Discovery Materials designated as CONFIDENTIAL; and

j. other persons by written agreement of all parties, provided the person has executed a Declaration of Compliance (Exhibit A).

5

10. Discovery Materials designated as HIGHLY CONFIDENTIAL shall not, without consent of the Producing Party and the party claiming confidentiality (if that party is different from the producing party) or further Order of the Court, be disclosed or made available in any way to any person other than:

    a. the parties' in-house counsel and outside counsel of record, including employees, staff and supporting personnel (e.g., paralegals, clerical assistants) assigned to this case;

    b. expert witnesses and consultants retained in connection with this case, to the extent such disclosure is necessary for preparation of reports, or for depositions, trial or other proceedings in this case, provided the person has executed a Declaration of Compliance (Exhibit A);

    c. vendors retained by or for the parties to assist in preparing for pretrial discovery, hearings and trial, including e-discovery vendors, graphic consultants and outside copy services; qualified persons taking testimony involving such material and necessary stenographic and clerical personnel; and jury consultants or mock jurors;

    d. the Court and its employees assigned to this case;

    e. mediators and other neutral evaluators assigned to the case by the Court or retained for the case by agreement of the parties;

    f. any individual who is the author, creator, or original recipient of any of the Discovery Materials designated as HIGHLY CONFIDENTIAL; and

    g. other persons by written agreement of all parties, provided the person has executed a Declaration of Compliance (Exhibit A).

11. Whenever a deposition involves the disclosure of Confidential Material, the deposition or portions thereof shall be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, as appropriate, and shall be subject to the provisions of this Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL or HIGHLY CONFIDENTIAL after transcription, provided written notice of the designation is given to all counsel of record within 30 days after receipt of the transcript. Whenever any Confidential Material is disclosed or used at a deposition in which testimony is given, each portion of any such testimony in which such information is disclosed or used shall be conducted with only those persons in attendance who are authorized under this Order to have access to such information.

12. Any third party from whom discovery is sought may be informed of and may obtain the protection of this Order by sending written notice to outside counsel of record for the parties or by invoking this Order on the record during any deposition or similar proceeding, and shall have all rights and obligations with respect to the third party's Discovery Materials as held by the parties to this case with respect to their Discovery Materials.

13. If any party disputes a Confidential Material designation, the parties shall first attempt in good faith to resolve the dispute without the assistance of the Court in accordance with the discovery dispute resolution procedures in place in this case. If the parties cannot agree upon the designation, the parties shall bring the dispute to the Court's attention by filing a joint discovery dispute statement and otherwise as provided for in the discovery dispute resolution procedures set forth in the Case Management Order. The party that made the Confidential Material designation has the burden to demonstrate that its designation is proper. Until a final resolution of

the dispute is achieved, whether by consent or Court order, all parties shall treat the designated material as Confidential Material.

14. The inadvertent production of Discovery Materials subject to the attorney-client privilege, work product doctrine, and/or any other applicable evidentiary privilege or protection ("Produced Privileged Materials") shall not constitute a waiver of, or prejudice to, any claim to such privilege or protection in the Discovery Materials. Upon notice from the Producing Party of the possible production of, or if the Receiving Party has reason to believe it has received, Produced Privileged Materials, the Receiving Party shall promptly: (a) cease reading and reviewing the Discovery Materials, (b) refrain from disclosing the Discovery Materials and the contents thereof to any other person (other than outside counsel), and (c) and notify the Producing Party. Within 14 calendar days after receiving notice of or discovering such Produced Privileged Materials, the Receiving Party shall also destroy, sequester, or return all copies (regardless of format) of the Produced Privileged Materials to the Producing Party. If there is a dispute as to whether the Produced Privileged Materials are subject to any claim of privilege, the parties shall first attempt in good faith to resolve the dispute without the assistance of the Court in accordance with the discovery dispute resolution procedures in place in this case. If the parties cannot agree upon the claim of privilege, the parties shall bring the dispute to the Court's attention by filing a joint discovery dispute statement and otherwise as provided for in the discovery dispute resolution procedures set forth in the Case Management Order. The party asserting the privilege has the burden to demonstrate that its designation is proper. Until a final resolution of the dispute is achieved, whether by consent or Court order, all parties shall treat the designated material as privileged. No demonstration or proof of error, inadvertence, excusable

neglect, or absence of negligence shall be required of the Producing Party in order for such party to avail itself of the provisions of this paragraph.

15. Within sixty (60) days after dismissal of all claims and defenses in this case, with or without prejudice, or entry of final judgment not subject to further appeal, unless other arrangements are agreed upon, all Confidential Material shall be destroyed or returned to the Producing Party. Where the parties (including any signatories to Exhibit A) agree to return the Confidential Material, the Receiving Party shall provide all parties a written certification of counsel confirming that all Confidential Material has been returned. Where the parties (including any signatories to Exhibit A) agree to destroy the Confidential Material, the Receiving Party shall provide all parties with a written certification of counsel confirming that all Confidential Material has been destroyed.

Outside counsel of record may retain any Confidential Material, as well as any Discovery Materials that contain or refer to such Confidential Material, for archival purposes only, and counsel's obligations of confidentiality continue until the Discovery Materials are permanently destroyed. Nothing in this paragraph 15 shall require a party to return or destroy Confidential Material if the party had rights independent of this Order to possess or use the Confidential Material.

16. This Order shall not be deemed or construed as a waiver of any right to object to the furnishing of documents in response to any discovery request. Nor shall this Order be deemed or construed as a waiver of the attorney-client privilege, work product doctrine, and/or any other applicable evidentiary privilege or protection, or of the rights of any party, person or entity to oppose the production of any documents on any permissible grounds. Further, this Order

does not limit, restrict or otherwise affect the ability of any party to seek the production of documents from any source, or to disclose or use its own Discovery Materials in any manner.

17. Neither this Order nor a party's designation of particular Discovery Materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL affects or establishes the admissibility or waiver of any right to object to the admissibility at trial of any Discovery Materials covered by this Order.

18. The production of any Discovery Materials without the designation of CONFIDENTIAL or HIGHLY CONFIDENTIAL when they could have been designated as such shall not be deemed a waiver of the right to designate the materials as such in accordance with this Order.

19. If a Receiving Party is served with a subpoena, request for production of documents, or other similar legal process in another proceeding (not including the Relocation Case) seeking production of Confidential Material, the Receiving Party shall give written notice by electronic mail to counsel of record for the Producing Party of the Confidential Material. To the extent permitted by applicable law, the Receiving Party shall not produce any Confidential Material for a period of at least 10 business days after providing the required notice to the Producing Party. If, within 10 business days of receiving such notice, the Producing Party provides written notice to the Receiving Party that it opposes production of its Confidential Material, the Receiving Party shall not thereafter produce such information, except pursuant to a court order (or other order that exposes or subjects the party to penalties for noncompliance). The Producing Party shall be solely responsible for asserting any objection to the requested production. The Receiving Party shall provide a copy of this Order to the third party requesting production of Confidential Material. This Order does not require the Receiving Party to challenge or appeal

any such order requiring production of Confidential Material, or to subject itself to any penalties for noncompliance with any such order, or to seek any relief from a court.

20. If a Receiving Party learns that Confidential Material produced to it is disclosed to any person other than in the manner authorized by this Order, the Receiving Party must immediately inform the Producing Party of such disclosure and shall make a good faith effort to retrieve any Confidential Material so disclosed and to prevent disclosure by each unauthorized person who received them.

21. The restrictions on disclosure of Confidential Material in this Order shall not apply to Discovery Materials that: (a) at or prior to disclosure, are or were a matter of public knowledge or were independently obtained by the Receiving Party from a third party having the right to disclose them; (b) after disclosure, become public knowledge other than by act or omission of the Receiving Party; (c) are disclosed by the Producing Party to a third party who is not subject to this Order and who does not have an obligation to maintain the confidentiality of Discovery Materials; or (d) were obtained outside of this case by the Receiving Party from the Producing Party without any other attendant obligation of confidentiality.

22. The terms of this Order shall survive the termination of this case, and all protections of this Order shall remain in full effect.

23. Any violation of this Order may subject the violator to monetary or other sanctions deemed appropriate by the Court. Further, in the event anyone violates or threatens to violate the terms of this Order, the aggrieved party immediately may apply to obtain injunctive relief against any such person violating or threatening to violate any of the terms of this Order, and, in the event the aggrieved party does so, the responding party, subject to the provisions of this Order, may not assert as a defense that the aggrieved party has an adequate remedy at law.

24. Nothing in this Order shall prevent the parties from agreeing to amend this Order, nor shall it prevent any party from moving for an amendment to this Order either during or after the conclusion of this case, nor shall it prejudice the rights of a party to apply to the Court for any additional protection or relief.

25. Until this Order is entered by the Court, the parties shall treat it as having been entered.

_____

APPROVED FOR ENTRY:

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Plaintiff and Counter-Defendant*
*Colonial Pipeline Company*

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Edward Callaway (BPR No. 016016)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Defendant and Counter-Claimant*
*Metropolitan Nashville Airport Authority*

s/ *Gary C. Shockley*
Gary C. Shockley (BPR No. 10104)
Caldwell G. Collins (BPR No. 28452)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5704
Facsimile: (615) 744-5704
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for Defendant*
*AECOM Technical Services, Inc.*

**CERTIFICATE OF SERVICE**

I certify that I filed this document electronically using the Court's electronic case management system, which will send notice to:

Paul S. Davidson
Edward Callaway
Michael C. Brett
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

s/ *Brian M. Dobbs*