# EXHIBIT 6

Case 3:20-cv-00666   Document 83-6   Filed 06/10/21   Page 1 of 14 PageID #: 696

**Denise Guye**

| | |
|---|---|
| **From:** | Paul Davidson |
| **Sent:** | Monday, March 15, 2021 12:30 PM |
| **To:** | Hughes, Wearen |
| **Subject:** | Consent Scan.pdf |
| **Attachments:** | Scan.pdf |

Wearen, the consent agreement is attached. I'll bring an original to your office in the morning.

Thanks,

Paul

**waller**

**Paul Davidson**
Partner
o: (615) 850-8942 | c: (615) 504-0543
511 Union St., Suite 2700
Nashville, TN 37219
pdavidson@wallerlaw.com
Twitter | LinkedIn | Bio

# AMENDED AND RESTATED LIMITED CONSENT

1. Colonial Pipeline Company (hereinafter "Colonial") and Metropolitan Nashville Airport Authority (hereinafter "MNAA") (collectively "parties") are parties to litigation, which at present involves two lawsuits in the United States District Court for the Middle District of Tennessee, styled *Colonial Pipeline Company v. Metropolitan Nashville Airport Authority et al.*, #3:20-cv-00666, and *Metropolitan Nashville Airport Authority v. Colonial Pipeline Company*, #3:20-cv-00809, (those cases together hereinafter referred to as the "Litigation").

2. In the Litigation, Colonial Pipeline is represented by Bass, Berry & Sims PLC (hereinafter "BBS"), and MNAA is represented by Waller Lansden Dortch & Davis, LLP (hereinafter "Waller"). Previous to the Litigation, Waller represented Colonial in connection with certain matters, and BBS represented MNAA in connection with certain matters. Colonial has asserted that one or more of the Waller representations constitute a conflict of interest under the Tennessee Rules of Professional Conduct.

3. Colonial Pipeline and MNAA have, after consulting with counsel and being advised as to the ramifications of any potential conflicts and agreement to this Amended and Restated Limited Consent, resolved to and hereby consent to any conflict of interest under the Tennessee Rules of Professional Conduct as set out herein with respect to the following limited and exclusive activities:

    (i) The mediation involving the Litigation, the first session of which occurred on February 23, 2021, and the second session of which is scheduled for March 16, 2021, and any ongoing settlement discussions and activities that are involved in the mediation (the "Mediation");

    (ii) Negotiating and executing any settlement agreement arising out of the Mediation;

    (iii) Activities in the Litigation attendant and necessary to conduct the Mediation; and

    (iv) Activities in the Litigation reasonably deemed necessary and appropriate by either party and their counsel to prosecute or defend the Litigation (including, but not limited to, pursuing discovery, taking steps necessary to meet discovery deadlines or other obligations set forth in case management orders, the Local Rules of the Court, the Federal Rules of Civil Procedure, substantive law, or otherwise) from the date of the February 22, 2021 Limited Consent between the parties (the "Limited Consent") through the end of the Mediation or April 1, 2021, whichever occurs first.

4. Neither party will file a Motion to Disqualify before the end of an unsuccessful Mediation or April 1, 2021, whichever occurs first. If a party files a Motion to Disqualify, the parties agree to forgo and not make any argument that such conflict or the right to file a Motion to Disqualify was waived or adversely affected by passage of time, or any of the above activities, from the date of the Limited Consent through the end of the Mediation or April 1, 2021, whichever occurs first.

5. Except as set out above, nothing in this Amended and Restated Limited Consent can be construed to be an acknowledgment that any conflict exists or does not exist or is a waiver of any conflict or the right to file a Motion to Disqualify. The parties reserve their respective rights to file a Motion to Disqualify at the end of an unsuccessful Mediation or after April 1, 2021, whichever occurs first.

6. Nothing in this Amended and Restated Limited Consent operates as a waiver of BBS's or Waller's confidentiality obligations to a present or former client under the Tennessee Rules of Professional Conduct, including but not limited to the obligation not to reveal confidential

1

or privileged information relating to the representation of a present or former client. Without limiting the foregoing, BBS agrees not to use or rely on any confidential non-public or privileged information obtained during the previous representation of MNAA to advance positions adverse to MNAA in the Litigation (including the Mediation), and Waller agrees not to use or rely on any confidential non-public or privileged information obtained during the previous representation of Colonial to advance positions adverse to Colonial in the Litigation (including the Mediation). BBS and Waller are signing this Amended and Restated Limited Consent for the purpose of agreeing to this paragraph 6.

7. The undersigned have carefully read this Amended and Restated Limited Consent and considered all information necessary and useful in determining whether or not to sign this Amended and Restated Limited Consent.

8. The parties have had the opportunity to consult with independent counsel regarding this Amended and Restated Limited Consent.

This Amended and Restated Limited Consent is dated March 12, 2021.

**[Signatures on following pages]**

AGREEMENT AND CONSENT TO THIS AMENDED AND RESTATED LIMITED CONSENT:

METROPOLITAN NASHVILLE AIRPORT AUTHORITY

By: _____
Name: Theodore G. Morrissey
Title: AVP Legal Counsel

4

**AGREEMENT AND CONSENT TO PARAGRAPH 6 OF THIS AMENDED AND RESTATED LIMITED CONSENT:**

**BASS, BERRY & SIMS PLC:**

By: _____

Name: _____

Title: _____

5

**AGREEMENT AND CONSENT TO PARAGRAPH 6 OF THIS AMENDED AND RESTATED LIMITED CONSENT:**

**WALLER LANSDEN DORTCH & DAVIS, LLP:**

By: _Paul J. Davidson_
Name: _Paul J. D[...]_
Title: _Partner_

6

**Denise Guye**

| | |
|---|---|
| **From:** | Paul Davidson |
| **Sent:** | Monday, February 22, 2021 1:50 PM |
| **To:** | Goddard, Drew; Hughes, Wearen |
| **Cc:** | Paul Davidson |
| **Subject:** | Colonial/MNAA Ltd Waiver |
| **Attachments:** | Scan.pdf |

Signed Limited Consent attached.

**waller**

Paul Davidson
Partner
o: (615) 850-8942 | c: (615) 504-0543
511 Union St., Suite 2700
Nashville, TN 37219
pdavidson@wallerlaw.com
Twitter | LinkedIn | Bio

# LIMITED CONSENT

1. Colonial Pipeline Company (hereinafter "Colonial") and Metropolitan Nashville Airport Authority (hereinafter "MNAA") (collectively "parties") are parties to litigation, which at present involves two lawsuits in the United States District Court for the Middle District of Tennessee, styled *Colonial Pipeline Company v. Metropolitan Nashville Airport Authority et al.*, #3:20-cv-00666, and *Metropolitan Nashville Airport Authority v. Colonial Pipeline Company*, #3:20-cv-00809, (those cases together hereinafter referred to as the "Litigation").

2. In the Litigation, Colonial Pipeline is represented by Bass, Berry & Sims PLC (hereinafter "BBS"), and MNAA is represented by Waller Lansden Dortch & Davis, LLP (hereinafter "Waller"). Previous to the Litigation, Waller represented Colonial in connection with certain matters, and BBS represented MNAA in connection with certain matters. Colonial has asserted that one or more of the Waller representations constitute a conflict of interest under the Tennessee Rules of Professional Conduct.

3. Colonial Pipeline and MNAA have, after consulting with counsel and being advised as to the ramifications of any potential conflicts and agreement to this Limited Consent, resolved to and hereby consent to any conflict of interest under the Tennessee Rules of Professional Conduct as set out herein with respect to the following limited and exclusive activities:

   (i) The mediation involving the Litigation, the first session of which is currently scheduled for February 23, 2021, and any ongoing settlement discussions and activities that are involved in the mediation (the "Mediation");

   (ii) Negotiating and executing any settlement agreement arising out of the Mediation;

   (iii) Activities in the Litigation attendant and necessary to conduct the Mediation; and

   (iv) Activities in the Litigation reasonably deemed necessary and appropriate by either party and their counsel to prosecute or defend the Litigation (including, but not limited to, pursuing discovery, taking steps necessary to meet discovery deadlines or other obligations set forth in case management orders, the Local Rules of the Court, the Federal Rules of Civil Procedure, substantive law, or otherwise) from the date of this Limited Consent through the end of the Mediation or March 12, 2021, whichever occurs first.

4. Neither party will file a Motion to Disqualify before the end of an unsuccessful Mediation or March 12, 2021, whichever occurs first. If a party files a Motion to Disqualify, the parties agree to forgo and not make any argument that such conflict or the right to file a Motion to Disqualify was waived or adversely affected by passage of time, or any of the above activities, from the date of this Limited Consent through the end of the Mediation or March 12, 2021, whichever occurs first.

5. Except as set out above, nothing in this Limited Consent can be construed to be an acknowledgment that any conflict exists or does not exist or is a waiver of any conflict or the right to file a Motion to Disqualify. The parties reserve their respective rights to file a Motion to Disqualify at the end of an unsuccessful Mediation or after March 12, 2021, whichever occurs first.

6. Nothing in this Limited Consent operates as a waiver of BBS's or Waller's confidentiality obligations to a present or former client under the Tennessee Rules of Professional Conduct, including but not limited to the obligation not to reveal confidential or privileged information relating to the representation of a present or former client. Without

1

limiting the foregoing, BBS agrees not to use or rely on any confidential non-public or privileged information obtained during the previous representation of MNAA to advance positions adverse to MNAA in the Litigation (including the Mediation), and Waller agrees not to use or rely on any confidential non-public or privileged information obtained during the previous representation of Colonial to advance positions adverse to Colonial in the Litigation (including the Mediation). BBS and Waller are signing this Limited Consent for the purpose of agreeing to this paragraph 6.

7. The undersigned have carefully read this Limited Consent and considered all information necessary and useful in determining whether or not to sign this Limited Consent.

8. The parties have had the opportunity to consult with independent counsel regarding this Limited Consent.

This Limited Consent is dated February 22, 2021.

**[Signatures on following pages]**

2

Case 3:20-cv-00666   Document 83-6   Filed 06/10/21   Page 10 of 14 PageID #: 705

**AGREEMENT AND CONSENT TO THIS LIMITED CONSENT:**

**COLONIAL PIPELINE**

By: _____

Name: _____

Title: _____

3

**AGREEMENT AND CONSENT TO THIS LIMITED CONSENT:**

**METROPOLITAN NASHVILLE AIRPORT AUTHORITY**

By: _/s/ Theodore G. Morrissey_

Name: _Theodore G. Morrissey_

Title: _AVP Legal Counsel_

4

**AGREEMENT AND CONSENT TO PARAGRAPH 6 OF THIS LIMITED CONSENT:**

**BASS, BERRY & SIMS PLC:**

By: _____

Name: _____

Title: _____

5

**AGREEMENT AND CONSENT TO PARAGRAPH 6 OF THIS LIMITED CONSENT:**

**WALLER LANSDEN DORTCH & DAVIS, LLP:**

By: _Paul S. Davidson_ (signature)
Name: Paul S. Davidson
Title: Partner

6