# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE

| COLONIAL PIPELINE COMPANY | ) | |
|---|---|---|
| *Plaintiff/Counter-Defendant* | ) | |
| | ) | Case No. 3:20-cv-00666 |
| v. | ) | |
| | ) | Judge William L. Campbell, Jr. |
| METROPOLITAN NASHVILLE AIRPORT AUTHORITY; | ) | Magistrate Judge Alistair E. Newbern |
| | ) | JURY DEMAND |
| *Defendant/Counterclaimant* | ) | |
| AECOM TECHNICAL SERVICES, INC. | ) | |
| *Defendant* | ) | |

## JOINT STATEMENT REGARDING DISCOVERY SCHEDULE

Colonial Pipeline Company ("Colonial"), Metropolitan Nashville Airport Authority ("the Airport"), and AECOM Technical Services, Inc. ("AECOM"), by and through their respective counsel, submit this Joint Statement Regarding Discovery Schedule in accordance with discussions during the June 18, 2021 status conference in this matter. The parties propose the following revised discovery dates in this matter (areas of disagreement appear in ***bold***):

| | Current Dates | Colonial Proposed | AECOM Proposed | Airport Proposed |
|---|---|---|---|---|
| Primary Production of Documents | | June 30 | June 30 | June 30 |
| Further Production of Documents | June 30 | ***July 30*** | ***July 15*** | ***July 15*** |
| Completion of Fact Discovery | July 30 | ***November 1*** | ***November 1*** | ***August 30*** |
| Deadline to File Discovery Motions | August 13 | ***November 15*** | ***November 15*** | ***September 13*** |
| Plaintiff Expert Disclosure and Report | August 30 | September 27 | September 27 | September 27 |
| Defendant Expert Disclosure and Report | September 27 | October 25 | October 25 | October 25 |
| Deadline for Expert Depositions | October 25 | November 22 | November 22 | November 22 |
| Dispositive Motion Deadline | November 5 | ***December 1*** | ***December 1*** | ***November 5*** |
| Motions in Limine and Exchange Exhibits | March 21 | Same | Same | Same |
| Pre-Trial Conference | April 4 | Same | Same | Same |
| Trial | April 12 | Same | Same | Same |

1. **Colonial's Position**. Colonial's position does not take into account the motion to disqualify and the Court's stay of certain discovery. Colonial's position also assumes the Court would be willing to apply Local Rule 16.01(h) with respect to the dispositive motion deadline by moving it to December 1, 2021, thus allowing for a later deadline to complete fact discovery and more time for discovery motions and expert disclosures and reports. The trial date in this matter does not warrant such an aggressive discovery and motion schedule, and the parties' will need the additional time to complete the numerous depositions and expert discovery this case requires.

With respect to the document production deadlines, Colonial intends to make a significant production of documents in accordance with the parties' agreed protocols for electronically stored information by June 30, 2021, but believes additional time likely will be needed for at least several reasons. These include such things as analysis of certain documents for relevance and responsiveness, as well as privilege and work product determinations, and because of potential discovery of documents beyond the immediate scope of the parties' ESI protocols that are responsive and relevant to the issues in the case. Colonial's data breach has affected some of its ability to locate, gather and transmit documents, more eyes-on review is necessary because of the nature of the information involved, some documents go back years, documents will continue to be generated, and depositions or written discovery likely will reveal the need for further document production (by all parties). Thus, Colonial also requests that the further document production deadline not foreclose other productions of documents, if necessary and as often happens in cases, and that the parties continue to be permitted to produce relevant and responsive documents up to the deadline for completion of fact discovery as necessary to make document production complete.

2. **The Airport's Position**. The Airport is willing to extend the current discovery deadlines in this case and in the "Relocation Case" (No. 3:20-cv-809) to accommodate Colonial's

2

Case 3:20-cv-00666   Document 92   Filed 06/21/21   Page 2 of 6 PageID #: 776

and AECOM's wishes, but objects to extensions that would lead to a change in the trial date of this case or the Relocation Case or that would impact the parties' rights to file for summary judgment on the Court's preferred schedule in either this case or the Relocation Case. Because Colonial has raised the first material breach defense in the Relocation Case due to the Airport's alleged acts or omissions with respect to the line strike, discovery in the two cases will be interrelated to a degree. The Airport therefore objects to extensions in this case that will adversely impact the trial date or summary judgment date in the Relocation Case. The Airport does not believe the extensions requested by Colonial and AECOM are necessary. Discovery was not stayed pending mediation and following termination of mediation, the parties met and conferred multiple times and collaboratively prepared a joint discovery plan for both cases that they agreed was reasonable and that the Court entered on April 5, 2021. The Airport has worked diligently since then to meet the Court ordered deadlines. As stated in the Airport's opposition to Colonial's motion to stay discovery (3:20-cv-666 DE 87), the Airport is prepared to produce responsive documents on June 30, 2021, and is willing to agree to a clean-up production of documents by July 15, 2021. These deadlines would not change the parties' obligation to supplement their productions if additional responsive documents are found. The parties have agreed to set aside weeks in July and August to take depositions. The Airport believes that if documents are produced on schedule, fact depositions can be completed by August 30.

3. **<u>AECOM's Position.</u>** As indicated in the status conference of June 18, 2021, AECOM believes that any adjustments to the current discovery schedule must be based on the assumption that the pending motion to disqualify is ultimately denied and that document production proceeds as scheduled without significant disruptions. AECOM agrees with MNAA that a new milestone of July 15 should be added for any remaining documents not reasonably

available by June 30 and for production of privilege logs. AECOM agrees with MNAA that this should not be viewed as a further extension of the agreed deadline for production. AECOM agrees with Colonial that a further extension of the deposition deadline is warranted. In addition, AECOM agrees with Colonial that a 12/1/21 dispositive motion deadline is appropriate with an 11/22/21 expert deposition deadline, while acknowledging that this date is approximately 130 days prior to the current trial date of 4/12/22.

Respectfully submitted,

s/ *Brian M. Dobbs*
L. Wearen Hughes (BPR No. 5683)
J. Andrew Goddard (BPR No. 6299)
Brian M. Dobbs (BPR No. 25855)
Bass, Berry & Sims PLC
150 3rd Ave. S., Suite 2800
Nashville, TN 37201
Telephone: (615) 742-6200
Facsimile: (615) 742-6293
whughes@bassberry.com
dgoddard@bassberry.com
bdobbs@bassberry.com

*Attorneys for Colonial Pipeline Company*

s/ *Paul S. Davidson*
Paul S. Davidson (BPR No. 011789)
Edward Callaway (BPR No. 016016)
Michael C. Brett (BPR No. 037290)
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, TN 37219
Telephone: (615) 850-8942
Facsimile: (615) 244-6804
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

s/ *Gary C. Shockely*
Gary C. Shockley (BPR No. 10104)
Caldwell G. Collins (BPR No. 28452)
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
Telephone: (615) 726-5704
Facsimile: (615) 744-5704
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

**CERTIFICATE OF SERVICE**

      I certify that I filed this document electronically using the Court's electronic case management system, which will send notice to:

Paul S. Davidson
Edward Callaway
Michael C. Brett
Waller Lansden Dortch & Davis LLP
511 Union Street, Suite 2700
Nashville, Tennessee 37219
paul.davidson@wallerlaw.com
ed.callaway@wallerlaw.com
mike.brett@wallerlaw.com

*Attorneys for Metropolitan Nashville Airport Authority*

Gary C. Shockley
Caldwell G. Collins
Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
211 Commerce Street
Nashville, TN 37201
gshockley@bakerdonelson.com
cacollins@bakerdonelson.com

*Attorneys for AECOM Technical Services, Inc.*

                                           s/ *Brian M. Dobbs*